POMMERANTZ v. BLOOM et al.

(City Court of New York, General Term. July 11, 1900.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—MONEY IN HANDS OF THIRD PERSON—ORDER—NOTICE—DISCRETION OF COURT.

     Under Code Civ. Proc. § 2447, providing that, in proceedings supplementary to execution, the judge may, in his discretion, on such notice, given to such persons as he deems just, or without notice, order a third person having money of the judgment debtor in his possession to deliver such money to the sheriff, the giving of notice of such proceeding to the defendant rests within the discretion of the judge, and, unless the discretion has been abused, the action of the court will not be interfered with.

Appeal from special term.

Action by Phillip Pommerantz against Phillip Bloom and Isaac Schachat. From an order directing a third party to pay money belonging to defendants to the sheriff in proceedings supplementary to execution, defendants appeal. Affirmed.

Argued before SCHUCHMAN and HASCALL, JJ.

A. H. Sarasohn, for appellants.

S. Cohen, for respondent.

HASCALL, J. It is quite clear that the intent and reading of section 2447 of the Code is to vest great discretion in the justice at special term in making the order thereunder. The distinction sought to be drawn by appellants between "ordering" and "permitting," as a ground for reversal, while, possibly, logical, is not necessarily practical, and therefore we do not think, in view of the old, familiar adage, that this alone would be sufficient to disturb the order below. The principal question is whether it was a preliminary necessity that appellants should have reasonable notice of application for the order appealed from,—whether any notice at all were required. The extreme lati-

tude bestowed by the legislature in these words, "may, in his discretion, and upon such a notice, given to such persons as he deems just, or without notice, make an order," etc., leaves the matter almost completely within control of the justice making the order, and, unless there has been an abuse of power,—a serious overstepping of judicial discretion,—the general term will not interfere.

Order appealed from affirmed, with costs.

SCHUCHMAN, J., concurs.